IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| SHARON B. JEFFERSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv156 (DJN) |
| | ) | |
| KROGER LIMITED | ) | |
| PARTNERSHIP I *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

In this case, the Court must determine whether Defendant negligently caused Plaintiff's injuries by allowing a dangerous condition to exist at the entryway to its store, and by failing to warn Plaintiff of the danger posed by that condition. The Court must also determine whether Plaintiff was contributorily negligent. This matter comes before the Court by consent pursuant to 28 U.S.C. § 636(c)(1) on Defendants' Motion for Summary Judgment (ECF No. 10). For the reasons that follow, the Court GRANTS Defendants' Motion (ECF No. 10).

### I.     FACTUAL BACKGROUND

Sharon Jefferson ("Plaintiff") brings this action against Kroger Limited Partnership I and the Kroger Company (collectively "Defendants"), alleging negligence in relation to Plaintiff's fall at Defendants' store. (Defs.' Mem. in Supp. of Mot. for Summ. J. ("Defs.' Mem.") (ECF No. 11) at 1; Pl.'s Opp'n to Mot. for Summ. J. ("Pl.'s Opp'n") (ECF No. 14) at 1.) The parties do not dispute the facts of this case. (Pl.'s Opp'n at 1.)

On May 4, 2011, Plaintiff went to the Kroger store located at 4816 South Laburnum Avenue in Richmond, Virginia. (Jefferson Dep. (ECF No. 11-1)[1] 31:4-6, Apr. 30, 2014.) After parking, Plaintiff approached the store and saw that it was under renovation. (Jefferson Dep. 33:7-22.) Plaintiff had visited this store location approximately once per month over the previous five to ten years, and had been there "one [other] time" during the renovation. (Jefferson Dep. 32:25-33:2.) As she walked towards the store, Plaintiff saw that the entrance on the left side of the store was blocked off, so she approached the automatic door to the right. (Jefferson Dep. 34:14-35:7.) Plaintiff had used the right-side door to enter and exit the store on previous occasions, but had not done so since the renovations began. (Jefferson Dep. 35:8-37:25.)

On the date in question, Plaintiff wore sandals with "chunky heel[s]" that were approximately two to three inches high. (Jefferson Dep. 38:11-39:12.) As she walked through the doorway to enter the store, "something caught and/or grabbed [her] foot and [she] fell flat into the store." (Jefferson Dep. 34:20-24, 42:20.) As a result of the fall, Plaintiff experienced bruising and swelling in her knees and toes, as well as pain in her shoulders, hands, knees and back. (Jefferson Dep. 55:17-20, 78:12-16, 79:20-80:5.) Before she fell, Plaintiff did not look down, did not see a groove in the ground and did not feel anything unusual. (Jefferson Dep. 48:25-49:7, 43:9-16, 48:20-24.)

After she fell, Plaintiff returned to the doorway area with the store manager. (Jefferson Dep. 43:15-16.) At that point, she noticed a "little groove" in the sidewalk located just outside of the store entrance, right next to the metal plate at the base of the automatic doors. (Jefferson Dep. 43:1-16, 62:10-63:2.) This was the first time that Plaintiff noticed the groove, which she

---

[1]     Defendants attached the full deposition in five parts, encompassing ECF Nos. 11-1 through 11-5.

described as being approximately a half-inch deep and approximately a quarter-inch wide. (Jefferson Dep. 43:5-16, 44:1-46:24.) The ground on either side of the groove was "pretty even," and it ran the length of the door. (Jefferson Dep. 45:1-6, 46:22-23.)

Plaintiff concluded that she fell as a result of catching her shoe in the groove near the automatic door. (Jefferson Dep. 48:16-19, 49:8-10, 58:19-23.) She reached this conclusion based on the fact that her "toes were torn up" from her fall. (Jefferson Dep. 48:18-19.) Plaintiff stated that the only differentiating aspect of this groove in comparison to any other concrete expansion joint was that it was deep enough to catch her shoe. (Jefferson Dep. 63:14-20.) Nothing obstructed Plaintiff's view as she approached the store entrance from the parking lot, and Plaintiff stated that she could have seen the groove had she been looking. (Jefferson Dep. 64:2-10, 63:3-6.) When she revisited the area with the store manager, however, Plaintiff observed a silver "metal flange" at the base of the door that was so close to the groove that it made it difficult to see the groove clearly. (Jefferson Dep. 62:17-64:25.) Plaintiff estimated that the edge of this metal flange was less than a quarter of an inch away from the groove. (Jefferson Dep. 62:24-63:2.) According to Plaintiff, she saw this flange before she fell, but it essentially disguised the groove in the concrete. (Jefferson Dep. 64:18-65:2.)

Defendants contend that Plaintiff "does not know why the 'little groove' was there on the date of the incident, how it got to be there, or how long it had been there prior to her fall." (Defs.' Mem. at 3.) Plaintiff responds that the groove in the concrete appears to have been filled in at one point in time, but was unfilled to a depth of approximately a half of an inch on the date of the incident. (Pl.'s Opp'n at 2.) Based on a picture taken by Plaintiff's son the day after she fell, Plaintiff alleges that "it is apparent this condition did not just happen overnight, but over the long term as the original fill material in the crevice settled or otherwise deteriorated." (Pl.'s

3

Opp'n at 2.) Defendant rejects Plaintiff's claim that Defendants' employees would have noticed

the "developing crevice in the days or weeks prior to the plaintiff's fall" as unsubstantiated.

(Defs.' Reply Mem. in Supp. of Their Mot. for Summ. J. ("Defs.' Reply") (ECF No. 15) at 6

(internal quotation marks omitted).)

Plaintiff filed this action in Henrico County Circuit Court, and Defendants timely

removed the case to this Court. (Defs.' Mem. at 2.) On September 19, 2014, Defendants moved

for summary judgment, contending that Plaintiff failed to establish a *prima facie* case for

negligence and that Plaintiff was contributorily negligent as a matter of law. (Defs.' Mem. at 2.)

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The relevant inquiry at the summary judgment stage analyzes "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 251-52 (1986). When reviewing a motion for summary judgment, the Court views the

facts in the light most favorable to the non-moving party. *Id.* at 255. The Court cannot weigh

the evidence; it must simply determine whether a genuine issue exists for trial. *Greater Balt.*

*Ctr. For Pregnancy Concerns v. Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (quoting *Liberty*

*Lobby, Inc.*, 477 U.S. at 249).

Once the movant properly makes and supports a motion for summary judgment, the

burden shifts to the opposing party to show that a genuine dispute of material fact exists.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere

existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the standard requires "that there be no *genuine* issue of *material* fact." *Liberty Lobby, Inc.*, 477 U.S. at 247. A genuine issue of material fact arises only when the evidence, viewed in the light most favorable to the non-moving party, sufficiently allows a reasonable jury to return a verdict in that party's favor. *Id.* at 248. To defeat an otherwise properly-supported motion for summary judgment, the non-moving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence" or the appearance of some "metaphysical doubt" concerning a material fact. *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). The Court must enter summary judgment against a party who, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III.    DISCUSSION

The parties do not dispute that Plaintiff fell at the entryway to Defendants' store on the date in question. They do, however, dispute whether Plaintiff has established a *prima facie* case for negligence. Specifically, the parties disagree as to whether the groove in the concrete constituted a dangerous condition, whether Defendants knew or should have known about the groove and whether the groove was the proximate cause of Plaintiff's injuries. Additionally, the parties disagree as to whether Plaintiff was contributorily negligent. The Court considers these issues in turn.

5

A. *Prima Facie* Negligence Claim

A court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938).[2] In Virginia, to recover on a negligence claim, Plaintiff must establish: (1) that Defendants owed Plaintiff a duty, (2) that Defendants breached that duty, and (3) that this breach proximately caused Plaintiff to suffer damages. *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003) (citing *Fox v. Custis*, 236 Va. 69, 73, 372 S.E.2d 373, 375 (1988); *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951)). Under well-established Virginia law, "store owners must maintain reasonably safe facilities for their invitees' visits." *Fultz v. Delhaize Amer., Inc.*, 278 Va. 84, 88, 677 S.E.2d 272, 274 (2009). Though a storeowner is not an insurer of an invitee's safety while on the premises, *id.* at 89, 677 S.E.2d at 274 (citing *Knight v. Moore*, 179 Va. 139, 145, 18 S.E.2d 266, 269 (1942)), the storeowner "owes an invitee the duty of using ordinary care to maintain its premises in a reasonably safe condition and to warn . . . of any hidden dangers." *Volpe v. City of Lexington*, 281 Va. 630, 636, 708 S.E.2d 824, 827 (2011) (quoting *Amoz v. NationsBank, N.A.*, 256 Va. 344, 346, 504 S.E.2d 365, 366 (1998)) (internal quotation marks omitted). To fulfill this duty, "a storeowner must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee." *Fultz*, 278 Va. at 89, 677 S.E.2d at 274 (quoting *Knight*, 179 Va. at 146, 18 S.E.2d at 269) (internal quotation marks omitted). But, "such notice is not required where the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety." *Id.* (quoting *Knight*, 179 Va. at

---

[2]     The Court exercises diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Virginia, and Defendants are citizens of Ohio with their principal place of business in Ohio. (Joint Notice of Removal (ECF No. 1) ¶¶ 1-3.) Plaintiff seeks $150,000 in damages. (Compl. (ECF No. 1-1).)

146, 18 S.E.2d at 269) (internal quotation marks omitted).  Therefore, in addition to proving

duty, breach and causation, the plaintiff in a premises liability case must also "prove the

existence of an unsafe or dangerous condition on the premises." *Hodge v. Wal-Mart Stores, Inc.*,

360 F.3d 446, 451-52 (4th Cir. 2004) (citing *Kendrick v. Vaz, Inc.*, 244 Va. 380, 385, 421 S.E.2d

447, 450 (1992)).

> 1.  Plaintiff Fails to Establish that the Groove Constituted a Dangerous
>     Condition.

The parties do not dispute that Defendants owed a duty to Plaintiff.  (Defs.' Mem. at 5.)

The first issue that the Court must consider then is whether Plaintiff has carried her burden of

establishing that the groove constituted a dangerous condition of which Defendants had notice,

such that Defendants' failure to warn Plaintiff of the condition constituted a breach of duty.

"To recover against the owner, an injured invitee must show that the owner had

knowledge, actual or constructive, that a defect existed and that such defect created an unsafe

condition." *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977).

"A plaintiff must show why and how the incident happened. . . . [I]f the cause of the event is left

to conjecture, guess, or random judgment, the plaintiff cannot recover." *Town of West Point v.*

*Evans*, 224 Va. 625, 628, 299 S.E.2d 349, 351 (1983) (citing *Sneed v. Sneed*, 219 Va. 15, 17, 244

S.E.2d 754, 755 (1978)); *Hodge*, 360 F.3d at 451 (quoting *Evans*, 224 Va. at 628, 299 S.E.2d at

351).  To prove that the groove created a danger, Plaintiff must establish that Defendants'

conduct deviated from the ordinary standard of care.  *Morrison-Knudsen*, 254 Va. at 173, 492

S.E.2d at 124.  "[T]he mere happening of an accident, without more, is not proof of negligence."

*Griffin v. Wal-Mart Stores*, 1995 U.S. Dist. LEXIS at 6507, at *6 (E.D. Va. 1995).

Virginia courts have typically recognized that certain conditions are "unsafe as a matter

of course, such as a wet or slippery substance on the floor of the premises, or the presence of an

unexpected object lying on the floor." *Parker v. CBOCS East, Inc.*, 2010 WL 316986, at *4 (W.D. Va. 2010) (citing cases describing examples of unsafe floor or ground conditions). A concrete expansion or movement joint, such as the groove at issue in this case, does not fall into one of these established categories. In fact, "it is well-established under Virginia law that the failure to correct an irregularity in a sidewalk surface is not a violation of the duty of ordinary care where, as here, the irregularity is an inch or less and not known to be a hazard." *Jones v. Wash. Metro. Area Transit Auth.*, 378 F. Supp. 2d 718, 720-21 (E.D. Va. 2005) (citing *Med. Ctr. Hosp. v. Sharpless*, 229 Va. 496, 331 S.E.2d 405 (1985) (finding half-inch depression in concrete expansion joint did not establish unsafe condition); *City of Newport News v. Anderson*, 216 Va. 791, 223 S.E.2d 869 (1976) (finding depression of concrete expansion joint measuring 3 inches long, 4 inches wide and 1 inch deep did not constitute dangerous condition); *Childress v. City of Richmond*, 181 Va. 267, 24 S.E.2d 419 (1943) (finding hole in pavement measuring 15 inches long, 8 inches wide and 1 5/8[th] inch deep insufficient to establish negligence); *City of Roanoke v. Sutherland*, 159 Va. 749, 167 S.E.2d 243 (1933) (finding that concrete sidewalk block elevated 1 1/8[th] inches above sidewalk surface was not unsafe); *City of Richmond v. Schonberger*, 111 Va. 168, 68 S.E. 284 (1910) (finding that stone piece protruding 2 inches above otherwise level street crossing was not dangerous condition giving rise to negligence action)).

Plaintiff has not adduced sufficient evidence to merit an exception from this general rule. Indeed, Plaintiff essentially relies on her own statements and conclusions to establish the groove's dangerousness. Plaintiff provided photocopies of a picture showing the front portion of the sandals that she was wearing when she fell and of pictures that her son took of the groove on the day after she fell. (Jefferson Dep. Exs. 1, 3, 4 (ECF. No. 11-5) at 15, 17-18.) But these pictures are of limited utility, because Plaintiff offered no pictures showing the groove's

8

appearance at any point in time before the incident, nor did she produce pictures of any comparable concrete expansion joints. Plaintiff did not produce an expert opinion on whether the groove was defective in its design or installation, or whether it deviated from the relevant industry standards. *See Morrison-Knudsen*, at 254 Va. at 173, 492 S.E.2d at 124 (discussing witness testimony regarding industry standards). Nor did Plaintiff produce statements from lay witnesses to describe the groove's alleged dangerousness based on their own observations. *Roll 'R' Way Rinks, Inc.*, 218 Va. at 324-27, 237 S.E.2d at 160-161 (prior accidents established notice of dangerous defect); *Anderson*, 216 Va. at 792, 223 S.E.2d at 870 (lay witness testimony based on personal observations). Plaintiff is not required to offer any of these particular types of evidence; however, her failure to produce *any* evidence beyond her testimony provides the Court with no basis upon which to disagree with Defendants' contention that Plaintiff has failed to meet her burden of production with regard to the existence of a dangerous condition.

Even Plaintiff's statements, taken as a whole, offer little support for her conclusion that the groove constituted a dangerous condition. Plaintiff estimated that the groove was approximately a half-inch deep and a quarter-inch across, and that it ran the length of the door. (Jefferson Dep. 43:5-8, 44:1-46:24.) The ground on either side of the groove was "pretty even." (Jefferson Dep. 45:1-6.) Plaintiff described the inner portion of the groove — the part between the vertical edges of the concrete slabs — as "jagged," but explained that it was not jagged at the surface level. (Jefferson Dep. 45:14-22.) She drew a picture to illustrate her meaning. (Jefferson Dep. Ex. 2 (ECF No. 11-5) at 16.) But when asked how this particular concrete joint differed from any other concrete joint that she had seen, Plaintiff responded that the only difference was that "[i]t was deep enough to catch my shoe." (Jefferson Dep. 63:14-22.)

Viewing the evidence in the light most favorable to Plaintiff and accepting, for the moment, her contentions about the groove, Plaintiff would nevertheless fall well short of establishing that the dimensions of the groove rendered it unsafe. "Not every defect in a sidewalk, even though it may have caused the injury sued for, is actionable." *Anderson*, 216 Va. at 793, 223 S.E.2d at 870 (citing *City of Richmond v. Courtney*, 32 Gratt. (73 Va.) 792, 798 (1880); *City of Richmond v. Rose*, 127 Va. 772, 780, 102 S.E. 561, 564 (1920)). Plaintiff has produced no evidence to show that this groove differed in any respect from a typical concrete expansion joint beyond the fact that she believes it caused her to fall. Thus, as in *City of Newport News v. Anderson*, "[e]ven when viewed in the light most favorable to the plaintiff, the evidence here discloses nothing more than a defect so slight that it would not endanger travel in the ordinary modes by a person exercising reasonable care for his own safety." 216 Va. at 793, 223 S.E.2d at 870. Because Plaintiff failed to produce evidence sufficient to establish that the groove was a dangerous condition, the Court must grant summary judgment for Defendants. *See Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

2. Plaintiff Failed to Show That Defendants Had Actual or Constructive Notice

Even if Plaintiff produced sufficient evidence to raise a jury question as to whether the groove constituted a dangerous condition, summary judgment would nonetheless be appropriate, because Plaintiff failed to produce any evidence that Defendants had actual or constructive notice of the condition. "In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to

10

establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888, 889 (1993) (citing *Roll 'R' Way Rinks*, 218 Va. at 327, 237 S.E.2d at 161). Plaintiff does not contend that Defendants had actual notice of the condition, and did not produce any evidence suggesting otherwise.[3] Thus, the Court must consider whether Plaintiff established that Defendants' had constructive knowledge of the allegedly dangerous groove.

"[C]onstructive knowledge or notice of a defective condition of a premise . . . may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Id.* at 242, 434 S.E.2d at 890 (citing *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962)). Though the amount of time considered "sufficient" may vary case to case, "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case." *Id.* (citing *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184, 396 S.E.2d 649, 651 (1990)).

Plaintiff fails to present any evidence whatsoever to show that Defendants were aware of the groove in the concrete or the alleged danger it created. In lieu of evidence, Plaintiff offers a chain of unsupported conclusions. Plaintiff argues that the groove's filling eroded over time leaving behind a dangerous crevice, but offers no evidence to support this contention. (Pl.'s Opp'n at 5.) As noted previously, Plaintiff produced no evidence regarding the groove's condition before May 4, 2011, including whether the groove ever contained more filling than it did on the day that Plaintiff fell. In fact, Plaintiff testified during her deposition that she had never noticed the groove before the day that she fell and that she had "no clue how it got there." (Jefferson Dep. 47:7-48:11, 107:7-8, 108:23-109:5.) Building on her unsupported assertion that

---

[3]   During Plaintiff's deposition, counsel for Defendants asked Plaintiff the following: "Do you have any specific knowledge as to whether or not anybody from Kroger was aware that that groove was in the condition it was in on the date of your incident?" Plaintiff responded "[n]o, I don't." (Jefferson Dep. 109:6-10.)

the original fill material dissipated, Plaintiff claims that "the loss of fill material in the crevice

was plainly not a condition that appeared over night." (Pl.'s Opp'n at 5.) Plaintiff uses this

unsubstantiated conclusion to support her assertion that Defendants' "own managers or other

employees would . . . have noticed the developing crevice sometime during the days and weeks

before Plaintiff's fall."[4] (Pl.'s Opp'n at 5.) This claim is belied by Plaintiff's admission that she

does not know how long the groove was there before her fall. (Jefferson Dep. 47:13-15, 108:23-

109:5.) Plaintiff offers nothing more than these assertions in support of her claim.

        In a slip-and-fall case involving an empty soda bottle, the Virginia Supreme Court set

aside a jury verdict for the plaintiff on the grounds that "[t]here was no evidence from which the

jury could determine how, when, or by whom the bottle was placed on the floor. The verdict,

therefore, could have been reached only as the result of surmise, speculation and conjecture."

*Colonial Stores, Inc.*, 203 Va. at 537, 125 S.E.2d at 190. Similarly, here Plaintiff offers no

evidentiary basis from which to conclude when the alleged dangerous condition arose and,

therefore, cannot establish that the condition existed long enough for a jury to conclude that

Defendants were aware of it. *See Hodge*, 360 F.3d at 454 ("Even assuming that [plaintiff]

established that an unsafe condition existed in the display when she arrived, she failed to provide

sufficient evidence of how much earlier the condition arose, and thus cannot establish that the

condition was in existence for a time sufficiently long for a jury to conclude that Wal-Mart was

negligent in addressing it."). Thus, Plaintiff has not made out a *prima facie* case of negligence.

*See, e.g., Grim*, 246 Va. at 242-43, 434 S.E.2d at 890 (quoting *Winn-Dixie Stores*, 240 Va. at

---

[4]       Plaintiff's contention that Defendants were on notice because the groove was in front of
the only door available for use on the date in question is unsupported by any evidence beyond
Plaintiff's conclusory statement and, therefore, is insufficient to create a jury question.

184, 396 S.E.2d at 651) ("Hence, if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case.").

Simply put, Plaintiff's own opinions and conclusions are no substitute for evidence of how and when the allegedly dangerous crevice developed. Plaintiff's reliance on her own statements amounts to mere speculation and conclusory allegations. Thus, she fails to carry her burden on summary judgment. *See Lewis*, 409 F. Supp. 2d at 704 (plaintiff must rely on more than "conclusory allegations" to defeat a motion for summary judgment).

### 3.   Plaintiff Fails to Establish Proximate Causation.

Assuming, *arguendo*, that Plaintiff established that Defendants breached their duty of care by failing to repair the groove or warn Plaintiff about the latent danger, Plaintiff must also prove that Defendants' breach proximately caused Plaintiff's injury. "Negligence is actionable only when it constitutes a proximate cause of the accident." *Roll 'R' Way Rinks, Inc.*, 218 Va. at 329, 237 S.E.2d at 162. "The general rule in Virginia is that a plaintiff must, in order to establish a defendant's negligence, prove *why* and *how* the incident happened; if the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover." *Hodge*, 360 F.3d at 451 (quoting *Evans*, 224 Va. at 628, 299 S.E.2d at 351) (internal quotation marks omitted). The Supreme Court of Virginia has stated that "[n]egligence cannot be presumed from the mere happening of an accident. . . . The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not presumptions." *Hoffner v. Kreh*, 227 Va. 48, 52, 313 S.E.2d 656, 659 (1984) (quoting *Weddle v. Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963)) (internal quotation marks omitted).

Plaintiff produces no evidence to indicate that the groove was the proximate cause of her fall beyond her mere conjecture. During her deposition, Plaintiff stated that as she walked

through the doorway of Defendants' store, "[s]omething grabbed my foot and I just fell. . . . I didn't trip, I fell, I just fell face flat." (Jefferson Dep. 42:20, 42:22-23.) At another point during that same deposition, however, Plaintiff acknowledged that she did not feel anything before she fell, did not see where her foot was when she fell and did not even see the groove until she returned to the entrance area with a manager at some point after she fell. (Jefferson Dep. at 48:20-49:7, 58:15-23.) During her deposition, counsel for Defendants asked Plaintiff the following: "Is it fair to say then that you assume this groove is what caused you to fall?" Plaintiff responded "yes." (Jefferson Dep. 49:8-9.) Plaintiff's bare assumption as to the cause of her fall, without more, is insufficient as a matter of law to establish proximate causation. *See Hodge*, 360 F.3d at 451 (quoting *Evans*, 224 Va. at 628, 299 S.E.2d at 351) ("[I]f the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover."); *Hoffner*, 227 Va. at 52, 313 S.E.2d at 659 (quoting *Weddle*, 204 Va. at 322, 130 S.E.2d at 465) ("Negligence cannot be presumed from the mere happening of an accident. . . . The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not presumptions."). Therefore, Plaintiff fails to set forth a sufficient showing to establish an essential element of her case and the Court must enter summary judgment for Defendants on this basis as well.[5] *Celotex*, 477 U.S. at 322-23.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff failed to present sufficient evidence to establish that a dangerous condition existed, that Defendants had actual or constructive notice of the condition and that the condition proximately caused Plaintiff's damages. Accordingly, Plaintiffs' negligence claim fails. Therefore, the Court GRANTS

---

[5]     Because the Court finds no negligence by Defendants on multiple grounds, the Court need not address Defendants' assertion of contributory negligence.

14

Defendants' Motion for Summary Judgment (ECF No. 10).

An appropriate Order shall issue.

Let the Clerk file this Memorandum Opinion electronically and notify all counsel accordingly.

/s/

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: November 3, 2014

15